STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-13-046
TDW-CUM - 2/27/2014

JASON GROSSO,

      Plaintiff

v.

MAINE UNEMPLOYMENT
INSURANCE COMMISSION,

      Defendant

ORDER

STATE OF MAINE
Cumb... ... Clerk's Office
FEB 27 2014
RECEIVED

Before the court is Jason Grosso's appeal from a July 29, 2013 decision of the Maine Unemployment Insurance Commission upholding the denial of unemployment benefits. Grosso originally had a hearing in March 2013 before an administrative hearing officer, and received another hearing when he appealed the hearing officer's decision to the Commission.

On an appeal of this nature the court's role is to determine whether the Commission correctly applied the law and whether its findings are supported by any competent evidence. McPherson Timberlands Inc. v. Unemployment Insurance Commission, 1998 ME 177 ¶ 6, 714 A.2d 818, 820. The court cannot overrule a decision of the Commission unless the record before the Commission compels a contrary result. Id. The court also cannot substitute its own judgment for that of the agency and must affirm findings of fact if they are supported by substantial evidence in the record. Rangeley Crossroads Coalition v. Land Use Regulation Commission, 2008 ME 115 ¶ 10, 955 A.2d 223, 227.

Thus, even if the court would have assessed the evidence differently, it is the agency's role to determine credibility and to reconcile conflicts in the evidence. See Sprague Electric Co. v. Maine Unemployment Insurance Commission, 544 A.2d 728, 732 (Me. 1988).

This case turns on whether Grosso, a master plumber in a highly specialized field, has been seeking work in a self-employment venture or whether he has been unsuccessfully seeking available work from other employers as an employee.

The record establishes that Grosso's experience as a plumber has involved pipefitting work for Fairchild Semiconductor. Until June 2012 he performed work for Fairchild Semiconductor as an employee for a plumbing business owned or partially owned by his father. He has always been a member of the Plumbing and Pipefitters Union Local 716.

In June 2012, when his father's business was facing bankruptcy, Grosso established a business of his own, Pure Piping LLC, in order to continue performing pipefitting work for Fairchild Semiconductor. Grosso was both the owner of that business and an employee of that business. However, Pure Piping's work for Fairchild Semiconductor dried up during the last few months of 2012, and Grosso was not able to secure any pipefitting work with the only other semiconductor business in Maine. He has since been looking for work and applied for unemployment benefits in December 2012.

There appears to be no dispute that Grosso would be eligible for unemployment benefits if he has been unsuccessfully looking for work as an employee rather than looking for work for his business. The governing statute provides, inter alia, that in order to qualify for benefits, an applicant must be "actively seeking work in accordance

2

with the regulations of the Commission." 26 M.R.S. § 1192(3). The Commission regulation that is applicable here provides as follows:

> An individual whose primary objective is performing services in self-employment will not be considered to be an unemployed individual for purposes of [26 M.R.S. § 1043(17)]. "Primary objective" means that the individual is engaging in or in the process of establishing a self-employment venture and is not available for and/or willing to work as an employee for another employer on a full-time basis.

12-172 C.M.R. ch. 9.3.

There is evidence in the record to support the Commission's decision that, at least as of the time he first applied for unemployment benefits and at the time of a February 27, 2013 hearing before an administrative hearing officer, Grosso's primary objective was to obtain work for the business in which he was self-employed. E.g., R. 84, 123, 141-42, 159-60. This is true even though (1) there is evidence that Grosso had also been looking through the union for work as an employee for other employers and (2) the Department of Labor claims adjudicator acknowledged that she thought that his efforts to find work through the union were not for himself but for his company. R. 89. There is still sufficient evidence, including Grosso's own statements, to support the Commission's decision that Grosso's primary objective was to pursue his self-employed work.

Notably, however, the Commission's decision finds that Grosso's prior objective was to obtain business for his company "at the time period in dispute." R. 3. Moreover, its ultimate decision was that Grosso was ineligible for benefits "from December 9, 2012 and until he meets the unemployed individual requirements of the law." R. 3 (emphasis added). There was uncontroverted evidence that as time went on, Grosso had looked

3

for work as an employee. He had done so by attempting to find work through the union, as he is requited to do under union rules, but he had been unsuccessful.[1]

Under the applicable regulation, Grosso is not ineligible just because he is the owner of a business in which, if there were business opportunities available, he would be self-employed. He is only disqualified if he is "engaging in . . . a self-employment venture and is not available for and/or willing to work as an employee for another employer on a full-time basis." 12-172 C.M.R. ch. 9.3 (emphasis added). Moreover, under the statute Grosso cannot be denied benefits for failing to accept non-union work. 26 M.R.S. § 1193(3)(B)(3).

As far as the court can tell, the Commission did not discount Grosso's evidence that as time had gone on, he had attempted to find full time work as an employee for another employer. As noted above, its ruling expressly involved "the time period in dispute" and left open the possibility that he would be eligible in the future. Moreover, the Department's claims adjudicator specifically acknowledged that she thought the facts had changed since she had interviewed Grosso in January 2013. R. 94.

Accordingly, the decision of the Commission is affirmed without prejudice to Grosso's ability to show that at some point subsequent to the period in dispute before the Commission, he became eligible for benefits.

The entry shall be:

The July 29, 2013 decision of the Commission denying eligibility for benefits is affirmed. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[1] Grosso testified that because he has only worked as a pipefitter in a semiconductor plant and has no household or other plumbing experience, he has been turned down for other jobs, in part because he would need training to perform the other work, R. 60, 65.

4

Dated: February __27__, 2014

Thomas D. Warren
Justice, Superior Court

5

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

Defendant's Attorney

ELIZABETH WYMAN, ESQ
6 STATE HOUSE STATION
AUGUSTA, ME 04333-0006

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

Plaintiff's Attorney